# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 29, 2021

Lyle W. Cayce
Clerk

No. 20-50753
CONSOLIDATED WITH
No. 20-50760
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ARTEMIO CRUZ-URIAS,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:16-CR-527-1
USDC No. 4:19-CR-922-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50753
c/w No. 20-50760

Artemio Cruz-Urias appeals his sentence of thirty months of imprisonment and three years of supervised release, which the district court imposed following his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. Cruz-Urias contends that § 1326(b)'s recidivism enhancement is unconstitutional because it allows a sentence above the otherwise applicable statutory maximum of two years of imprisonment and one year of supervised release, *see* § 1326(a); 18 U.S.C. §§ 3559(a)(5), 3583(b)(3), based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. He concedes that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for further review. The Government moves, unopposed, for summary affirmance, asserting that Cruz-Urias's argument is foreclosed.

The parties are correct that Cruz-Urias's assertion is foreclosed by *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625–26 (5th Cir. 2007). The motion for summary affirmance is therefore GRANTED. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The Government's alternative motion for an extension of time to file a brief is DENIED AS MOOT, and the judgment of the district court is AFFIRMED.